JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **ED CV 23-880-JFW(SHKx)** | Date: May 26, 2023 |
| Title: Riverview Partners LP -v- Lindsay Roberson, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO RIVERSIDE SUPERIOR COURT; and**

**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS [filed 5/16/23; Docket No. 2]**

On approximately January 26, 2023, Plaintiff Riverview Partners LLP ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Lindsay Roberson ("Roberson") in Riverside Superior Court. On May 22, 2023, Ronnell Davis ("Davis") filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1343.[1]

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Davis bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

---

[1] In the Notice of Removal, Davis states that he "is named as a defendant" in this action and "was served with Summons and Complaint on or about January 30, 2022." Notice of Removal, ¶¶ 1-3. However, the only defendant named in the Complaint attached to the Notice of Removal is Roberson. To the extent that Davis is not a party to this action, he had no standing to remove this action from Riverside Superior Court to this Court. In addition, even if Davis is a party to this action, this action must be remanded for the reasons stated in this Order.

Davis fails to meet his burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Davis alleges in his Notice of Removal that the claim arises under diversity jurisdiction pursuant to 28 U.S.C. § 1332, it is clear from the face of the Complaint that no diversity jurisdiction exists. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.00. In addition, Davis has failed to allege the citizenship of any of the parties. Moreover, there is no federal question jurisdiction presented by Plaintiff's Complaint. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (holding that "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction") (internal citation omitted).

In addition, Davis alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1343, which states that this Court "shall have original jurisdiction" over certain civil rights actions. Section 1443(1) provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof[.]

However, to remove a case under Section 1443(1), a defendant must satisfy the two-prong test set forth by the Supreme Court in *George v. Rachel*, 384 U.S. 780, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966):

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (internal citations omitted). Davis fails to satisfy either prong. Moreover, even if Davis could satisfy the first prong, the Notice of Removal fails to identify any formal expression of state law that prohibits Davis from enforcing his civil rights in Riverside Superior Court, and he has failed to present any evidence that suggests that the Riverside Superior Court would not enforce his civil rights in this action. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Riverside Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). In light of the remand of this action, Plaintiff's Request to Proceed In Forma Pauperis is **DENIED**.

IT IS SO ORDERED.